UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Jeffrey C. Unnerstall, | ) | Case No.:  6:17-bk-00336-RAC |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER GRANTING APPLICATION OF PETER N. HILL AND HERRON HILL LAW GROUP, PLLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE PERIOD FROM JANUARY 16, 2017 THROUGH APRIL 10, 2017**

Guy G. Gebhardt, Acting United States Trustee for Region 21 ("UST"), by and through undersigned counsel, requests reconsideration of the Court's Order (Dkt. No. 67; the "Order Approving Compensation") Granting Application of Peter N. Hill and Herron Hill Law Group, PLLC for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtor for the Period from January 16, 2017 through April 10, 2017  (Dkt. No. 61; the "Application for Compensation"), and requests that the Court vacate the Order Approving Compensation, and states:

1. On January 18, 2017, Jeffrey C. Unnerstall (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2. On April 12, 2017,  Herron Hill Law Group, PLLC ("Herron Hill") filed the Application for Compensation using the Court's negative notice procedure set forth in Local Rule 2002-4.   In the Application for Compensation, Herron Hill sought

compensation for services rendered in the amount of $14,587.50 and expenses in the amount of $80.53.

3. The negative notice legend included on the Application for Compensation provides, in pertinent part, as follows: "[p]ursuant to Local Rule 2002-4, the Court will consider this motion, objection or other matter without further notice of hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service if any party was served via U.S. mail." Application for Compensation at 1.

4. The Certificate of Service included with the Application for Compensation states: "I hereby certify that on April 12, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system." Application for Compensation at 8. According to the Certificate of Service, the Application for Compensation was served solely by way of CM/ECF notification.

5. The UST asserts such service was improper. According to Local Rule 2002-4(b)(1), papers filed pursuant to the Court's negative notice procedure shall "[b]e served in the manner and on the parties as required by the applicable provisions of the Federal Rules of Bankruptcy Procedure, Local Rules, or Court order, and shall be filed with proof of such service in accordance with the provisions of Local Rule 9013-1; . . . ." Local Rule 2002-4.

6. Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (6) a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds

$1,000." Fed. R. Bankr. P. 2002(a)(6). Given the Application for Compensation was filed using the Court's negative notice procedure, in order to meet the service requirements set forth in Fed. R. Bankr. P. 2002(a)(6), the Application for Compensation should have been served on all creditors as set forth on the mailing matrix in the Debtor's case, a copy of which is attached to this motion as **Exhibit A**.

7. Despite such service requirements, the Application for Compensation was served solely upon those receiving electronic notices in this case, which does not include all parties on the attached mailing matrix. By way of example, it appears that American Express, the Internal Revenue Service, the Orange County Tax Collector and Aberon Fund 1, LLC are all creditors who do not receive electronic service in this case and as such did not receive any notice of the Application for Compensation.

8. In addition, the Order Approving Compensation was entered prematurely—before the deadline for parties in interest to file objections to the Application for Compensation expired. According to the negative notice legend on the Application for Compensation, the deadline for parties to object to the Application for Compensation runs through an including today, May 8, 2017, which is the first business day after the 24th day after the Application f or Compensation was filed. *See* Fed. R. Bankr. P. 9006(a).

9. The UST intended to file a limited objection to the Application for Compensation today, May 8, 2017, the deadline by which to do so, and had previously informed Mr. Hill of such intentions. In effort to preserve this deadline, the UST is filing a limited objection to the Application for Compensation contemporaneously with this motion.

10. As a result, the UST seeks reconsideration of the Order Approving Compensation.

## ANALYSIS

11. "Motions to reconsider an order in bankruptcy are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9023, or as a motion for relief from judg[]ment under Federal Rule of Civil Procedure 60, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024." *Trout v. Trout (In re Trout)*, 414 B.R. 916, 922 (Bankr. S.D. Ga. 2009) (citing *Aguiar v. Interbay Funding, Inc. (In re Aguiar)*, 311 B.R. 129, 135 n.9 (B.A.P. 1st Cir. 2004)).

12. "The purpose of a motion filed under Rule 59 is to present newly discovered evidence or to correct manifest errors of law or fact in the Court's prior order." *In re CHC Indus., Inc.*, 381 B.R. 385, 389 (Bankr. M.D. Fla. 2007) (internal quotations and citations omitted).

13. "Rule 59(e) does not specify grounds for relief, but the Eleventh Circuit Court of Appeals has articulated that the only grounds for granting a motion for reconsideration 'are newly-discovered evidence or manifest errors of law or fact.'" *Blue Dream Pools, Inc. v. Ross (In re Ross)*, 379 B.R. 207, 212 (Bankr. M.D. Fla. 2007) (quoting *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

14. In other words, the Court may grant a motion for reconsideration under Rule 59(e) if the movant "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available

when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re CHC Indus., Inc.*, 381 B.R. at 389.

15. Motions under Rule 59(e) should be granted sparingly, and the criteria for evaluating such motions should be strictly construed against the moving party. *Id.*, at 389-390.

16. Motions for reconsideration filed under Rule 59(e) must be filed within 14 days of the date of the order. Fed. R. Bankr. P. 9023. This Motion is timely filed within 14 days after the Court entered the Order Approving Compensation.

17. Given that the Application for Compensation was not served on all creditors and that the Order Approving Compensation was thus entered prematurely before the stated deadline for parties in interest to file a response or objection, the UST seeks reconsideration of the Order Approving Compensation. The UST requests that the Court vacate the Order Approving Compensation and require Herron Hill to serve the Application for Compensation on all creditors, who are set forth in the attached mailing matrix.

18. The UST submits that based on the record in this case, the Court's entry of the Order Approving Compensation was premised on an error of fact, and the Order Approving Compensation should be reconsidered to prevent manifest injustice.

WHEREFORE, based on the foregoing, the United States Trustee respectfully requests that the Court: (1) reconsider the Order Approving Compensation entered on May 5, 2017 (Dkt. No. 67); (2) vacate the Order Approving Compensation; (3) if necessary, set a hearing on this Motion; and (4) grant such other and further relief as is just and appropriate.

DATED:   May 8, 2017              Respectfully submitted,

GUY G. GEBHARDT,
ACTING UNITED STATES TRUSTEE
REGION 21

    /s/ Jill E. Kelso
Jill E. Kelso, Trial Attorney
Florida Bar No.: 0578541
United States Department of Justice
Office of the United States Trustee
George C. Young Federal Building
400 W. Washington St., Suite 1100
Orlando, FL 32801
Telephone No.:   (407) 648-6301, Ext. 137
Facsimile No.:   (407) 648-6323
Jill.Kelso@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 8, 2017, I caused a true and correct copy of the foregoing to be served electronically through CM/ECF to all parties having appeared electronically in the instant matter and by U.S. Mail, postage prepaid, on the following:

Jeffrey C. Unnerstall
10919 Boca Pointe Drive
Orlando, FL 32836

Peter N. Hill, Esquire
Herron Hill Law Group, PLLC
135 W. Central Blvd., Ste. 650
Orlando, FL 32801

                                   /s/ Jill Ellen Kelso
                                   Jill Ellen Kelso, Trial Attorney