UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Jeffrey C. Unnerstall, | ) | Case No.:  6:17-bk-00336-RAC |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO APPLICATION OF JEFFREY C. UNNERSTALL TO EMPLOY R. SCOTT SHUKER AND THE LAW FIRM OF LATHAM, SHUKER, EDEN & BEAUDINE, LLP, AS DEBTOR'S COUNSEL, *NUNC PRO TUNC* TO MARCH 28, 2017**

Guy G. Gebhardt, Acting United States Trustee for Region 21 ("UST"), by and through undersigned counsel, files this limited objection to the Application of Jeffrey C. Unnerstall to Employ R. Scott Shuker and the Law Firm of Latham, Shuker, Eden & Beaudine, LLP (collectively, "Latham Shuker"), as Debtor's Counsel, *Nunc Pro Tunc* to March 28, 2017  (Dkt. No. 58; the "Latham Shuker Application for Retention"), and states:

## BACKGROUND

**Instant Chapter 11 of Jeffrey C. Unnerstall**

1. On January 18, 2017, Jeffrey C. Unnerstall (the "Debtor" or "Mr. Unnerstall") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2. In Mr. Unnerstall's bankruptcy schedules (Dkt. No. 38) and amended bankruptcy schedules (Dkt. No. 62), he does not include as an asset a loan receivable from Cocoa Expo Sports Center, LLC or from Cocoa Expo Sports Center Tenant, LLC.

1

3. On February 2, 2017, the Debtor filed an application to retain Peter N. Hill and Herron Hill Law Group, PLLC (collectively, "Herron Hill") as his general bankruptcy counsel in this case.

4. On February 15, 2017, the Court entered an Order Authorizing Employment of Attorney for Debtor (Dkt. No. 36), pursuant to which the Court authorized the Debtor to employ Herron Hill as counsel for the Debtor as Debtor-in-Possession and the estate.

5. Subsequently, on April 3, 2017, the Debtor, Mr. Hill and R. Scott Shuker, Esquire filed a Joint Motion for Substitution of Counsel for Debtor (Dkt. No. 52), seeking to substitute Mr. Shuker for Mr. Hill as counsel for Mr. Unnerstall.

6. On April 7, 2017, Mr. Hill filed an Amended Verified Statement of Peter N. Hill in Support of the Debtor's Application to employ Herron Hill Law Group, PLLC (Dkt. No. 54; the "Verified Statement"), in which he states as follows:

> A consultation fee of $300 was paid by the Debtor from his own funds in cash. Wire transfers of $15,000 and $11,717 were received directly from Cocoa Expo Sports Center Tenant, LLC ("Tenant"), a Florida limited liability company controlled by the Debtor. The Debtor reports that the two wire transfers totaling $26,717 [the "Cocoa Expo Retainer Funds"] were considered, and are being treated for accounting and tax purposes, as partial repayments of loans made by him to Tenant.

Verified Statement at 2.

7. On that same date, the Court entered an Order Granting Joint Motion for Substitution of Counsel for Debtor (Dkt. No. 55), pursuant to which Herron Hill was relieved of any further responsibilities as attorneys of record for the Debtor.

8. On April 12, 2017, the Debtor filed the Latham Shuker Application for Retention, together with Mr. Shuker's verified statement pursuant to Federal Rule of

Bankruptcy Procedure 2014 (Dkt. No. 59), and Mr. Shuker's statement pursuant to 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2016(b) (Dkt. No. 60) (collectively, the "Latham Shuker Retention Papers").  As set forth in the Latham Shuker Retention Application:

> On March 31, 2017, Unnerstall Contracting Co., LLC paid Latham Shuker $25,000 and on April 12, 2017, [Mr. Unnerstall] caused the balance of his retainer with the prior counsel [Herron Hill], approximately $7,964.08, to be transferred to Latham Shuker for post-petition services and expenses in connection with the Debtor's bankruptcy case.  The funds received from Unnerstall Contracting Co., LLC will not be a claim against the Debtor.

Latham Shuker Retention Application at ¶ 12.

9.      On that same date, Herron Hill filed an application for compensation, seeking compensation for services rendered in the amount of $14,587.50 and expenses in the amount of $80.53.[1]

10.     On April 26, 2017, the Court entered an order approving the Latham Shuker Retention Application (Dkt. No. 64; the "Latham Shuker Retention Order"), providing that "[p]ursuant to Local Rule 2016-1(b), counsel may bill against the retainer on a monthly basis for its costs and fees as they accrue without further order but subject to final review and approval by the Court." (Latham Shuker Retention Order at ¶ 4).

11.     The Latham Shuker Retention Order also states that "[a]ny interested party may object to this order within twenty-one (21) days from the date of service of this order."  (Latham Shuker Retention Order at ¶ 6).  This objection is thus timely.

---

[1] The UST filed a limited objection to Herron Hill's application for compensation (Dkt. No. 70).

**Bankruptcy Case of Affiliated Debtor Cocoa Expo Sports Center, LLC, Case No. 6:17-bk-00441-RAC**

12. Five days after Mr. Unnerstall filed this bankruptcy case, Cocoa Expo Sports Center, LLC ("Cocoa Expo") filed a voluntary petition under chapter 11 of the Bankruptcy Code in Case Number 6:17-bk-00441-RAC.

13. According to Cocoa Expo's Statement of Financial Affairs (Dkt. No. 33; "SOFA"), Mr. Unnerstall is Cocoa Expo's managing member and owns 85% of the interests in Cocoa Expo. (SOFA at 42.) Cocoa Expo's bankruptcy schedules (Dkt. No. 33) reflect that it has assets totaling $11,327,350.96 and liabilities totaling $22,838,214.70. (Summary of Assets and Liabilities, Dkt. No. 33, at 2.) Cocoa Expo does not list any obligations to Mr. Unnerstall on its Bankruptcy Schedules D or E/F. (Dkt. No. 33 at 18-30).

14. At various hearings before this Court and in Mr. Unnerstall's most recent continued Section 341 Meeting of Creditors in his personal bankruptcy case held on May 1, 2017, Mr. Unnerstall testified that Cocoa Expo and Tenant are one in the same, that all funds in Tenant's bank account are income of debtor, Cocoa Expo, and that all disbursements out of Tenant's bank account are for expenses of the debtor, Cocoa Expo.

15. On May 1, 2017, Bank of Washington filed its Amended Motion to Appoint a Chapter 11 Trustee for Cocoa Expo (Dkt. No. 89), alleging, among other things, that Cocoa Expo "has engaged in numerous dealings with insiders which should be examined by an independent Chapter 11 Trustee." (Dkt. No. 89 at 5.) The Court has scheduled a preliminary hearing to consider this motion to appoint a chapter 11 trustee for May 18, 2017 at 2:30 p.m.

## BASES FOR LIMITED OBJECTION

16. In light of Mr. Unnerstall's testimony that all funds in Tenant's bank account were income of Debtor Cocoa Expo, and all disbursements out of Tenant's bank account were for obligations of Debtor Cocoa Expo, the UST is concerned that the transfers of the Cocoa Expo Retainer Funds to Herron Hill, and subsequently to Latham Shuker, may be avoidable.

17. The UST asserts that Latham Shuker should not be permitted to apply the Cocoa Expo Retainer Funds it received to its fees until such time as the Court determines whether it will appoint a chapter 11 trustee in Cocoa Expo's bankruptcy case, and if so, until such time as any such chapter 11 trustee may review the circumstances surrounding the transfers of the Cocoa Expo Retainer Funds and take action, as and if appropriate.

18. The UST is concerned that if Latham Shuker bills against its retainer as permitted in the Latham Shuker Retention Order, it may limit the ability of a chapter 11 trustee to pursue avoidance actions related to transfers of the Cocoa Expo Retainer Funds.

19. The UST thus files this limited objection to the Latham Shuker Retention Application to preserve the issues related to the transfers of the Cocoa Expo Retainer Funds until such time as the Court adjudicates the motion to appoint a chapter 11 trustee in Cocoa Expo's case. If the Court determines such appointment is appropriate, then the UST seeks to preserve the issues related to the transfers of the Cocoa Expo Retainer Funds for the chapter 11 trustee.

WHEREFORE, based on the foregoing, the United States Trustee respectfully requests that the Court enter an order: (1) sustaining this limited objection to the Latham

Shuker Retention Application; and (2) providing for such other and further relief as is just and appropriate.

    DATED:   May 10, 2017        Respectfully submitted,

                                                   GUY G. GEBHARDT,
                                                   ACTING UNITED STATES TRUSTEE
                                                   REGION 21

                                                   */s/ Jill E. Kelso*
                                                   Jill E. Kelso, Trial Attorney
                                                   Florida Bar No.: 0578541
                                                   United States Department of Justice
                                                   Office of the United States Trustee
                                                   George C. Young Federal Building
                                                   400 W. Washington St., Suite 1100
                                                   Orlando, FL 32801
                                                   Telephone No.:   (407) 648-6301, Ext. 137
                                                   Facsimile No.:    (407) 648-6323
                                                   Jill.Kelso@usdoj.gov

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on May 10, 2017, I caused a true and correct copy of the foregoing to be served electronically through CM/ECF to all parties having appeared electronically in the instant matter and by U.S. Mail, postage prepaid, on the following:

Jeffrey C. Unnerstall
10919 Boca Pointe Drive
Orlando, FL 32836

Cocoa Expo Sports Center, LLC
500 Friday Road
Cocoa, FL 32926

Peter N. Hill, Esquire
Herron Hill Law Group, PLLC
135 W. Central Blvd., Ste. 650
Orlando, FL 32801

 R Scott Shuker
 Latham Shuker Eden & Beaudine LLP
 Post Office Box 3353
 Orlando FL 32802

                                                */s/ Jill Ellen Kelso*
                                               Jill Ellen Kelso, Trial Attorney